# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

CHOICE HOTELS INTERNATIONAL,           *
INC.,

            Plaintiff,           *

       v.                                   Civil Action No. AW-05-2253

                         *

ROBERT E. BLAKE,
                         *

            Defendant.
                      * * * * *

## <u>MEMORANDUM OPINION</u>

Now pending and ready for resolution are Plaintiff Choice Hotel International, Inc's

("Choice" or "Plaintiff") Amended Application to Confirm Arbitration Award  [3] and *pro se*

Defendant Ray E. Blake's, III ("Blake" or "Defendant") Answer, Motion to Dismiss and for

Extension of Time [10]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For

the reasons stated below, the Court will deny Blake's motion to dismiss and grant Plaintiff's

application to confirm arbitration award.

## BACKGROUND

This dispute arises out of a hotel franchise agreement between Choice and Defendant Ray

E. Blake, III[1]. The franchise agreement contains an arbitration clause providing that:

> Except for our claims against you for indemnification, actions for
> collection of moneys owed us under this Agreement, or actions
> seeking to enjoin you from using the Marks in violation of this
> Agreement, any controversy or claim arising out of or relating to this
> Agreement, or the breach of this Agreement, including any claim that
> this Agreement or any part of this Agreement is invalid, illegal, or
> otherwise voidable or void, as well as any claim that we violated any
> laws in connection with the execution or enforcement of this

[1]Plaintiff's original Application to Confirm Arbitration Award incorrectly named Robert
E. Blake as the defendant.

> Agreement, will be sent to final and binding arbitration before either the American Arbitration Association or J.A.M.S./Endispute in accordance with the Commercial Arbitration Rules of the American Arbitration Association . . . . Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland.

(Am. Application to Confirm Arbitration Award, Ex. 1). Accordingly, Choice filed a claim against Blake with JAMS in case number 1410003751. Although Blake received notice of the action, and participated in a March 11, 2005 conference call with the arbitrator to schedule a subsequent hearing, Blake failed to appear at the hearing that had been set for May 10, 2005. Based upon the testimony and evidence presented at the hearing by Choice, the arbitrator determined that Blake had breached his obligation under the franchise agreement  and that Choice was entitled to receive $118,080.00 in lost profits, $12,740.75 in arbitration fees, $1,464.96 in attorneys' fees and expenses, and interest at the rate of 1.5% per month until paid.

Choice then filed an application to confirm its arbitration award in this Court on August 17, 2005. Although the body of that application correctly referred to Ray E. Blake, III as the defendant, the caption erroneously named *Robert* E. Blake, III. On September 14, 2005, Choice filed an amended application correcting this error. On January 31, 2006, this Court issued an order directing Choice to show cause why this action should not be dismissed for failure to execute service upon Blake. Choice responded to show cause order, detailing some of the difficulties it had had in serving Blake, and the Court granted Choice additional time to execute service. The summons and amended application were then served upon Blake on February 18, 2006. On March 13, 2006, Blake filed a one-page Answer, Motion to Dismiss and for Extension of Time in which Blake contended that the

suit against him should be dismissed on the basis of suing an improper party, that the arbitration

award contains numerous factual errors and that he had not been afforded an adequate opportunity

to defend himself, and that the damages awarded by the arbitrator were "unconscientiousable [sic]."

Blake also requested that he be granted an additional thirty days to retain Maryland counsel in the

event the Court denied his motion to dismiss. Choice filed a response on March 30, 2006.

## STANDARD OF REVIEW

> Review of an arbitrator's award is severely circumscribed. Indeed,
> the scope of review of an arbitrator's valuation decision is among the
> narrowest known at law because to allow full scrutiny of such awards
> would frustrate the purpose of having arbitration at all–the quick
> resolution of disputes and the avoidance of the expense and delay
> associated with litigation.

*Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). If there is a valid

contract between the parties providing for arbitration, and if the dispute resolved in the arbitration

was within the scope of the arbitration clause, then substantive review is limited to those grounds

set out in § 10 of the FAA, 9 U.S.C. § 10(a). That section allows vacating of an award (1) where the

award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or

misconduct on the part of the arbitrator; or (3) where the arbitrators exceeded their powers. 9 U.S.C.

§ 10(a). In addition, a court may overturn a legal interpretation of an arbitration panel if "it is in

manifest disregard for the law." *See, e.g., Apex Plumbing*, 142 F.3d at 193 ("Federal courts may

vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the

arbitrator acted in manifest disregard of the law"); *Upshur Coals Corp. v. United Mine Workers of*

*America*, 933 F.2d 225, 229 (4th Cir. 1991). Mere misinterpretation of a contract or an error of law

does not suffice to overturn an award. *See Upshur*, 933 F.2d at 229. The burden is on the party

3

challenging an award to prove the existence of one of the grounds for vacating the award.

## ANALYSIS

The grounds advanced by Blake for avoiding the arbitration award are without merit. First, Blake contends that because his first name is Ray, not Robert, this action should be dismissed on the basis of naming an improper party. However, although the docket and civil cover sheet name "Robert E. Blake, III" as the defendant, Choice's arbitration award is against "Ray E. Blake, III," and the amended application to confirm arbitration award likewise refers only to "Ray E. Blake, III." Thus, because the relevant documents all correctly refer to Defendant as "Ray E. Blake, III," the Court will not dismiss this action on the basis of an initial clerical error that has since been corrected.[2]

Blake's second argument is that "[t]his case was dismissed" by the Court's January 31, 2006 show cause order. This is incorrect: Choice responded to the Court's show cause order and was given additional time to perfect service over Blake. Contrary to Blake's assertion, this case was not dismissed.

Blake's remaining arguments speak to the fairness and legitimacy of the arbitration proceeding. However, even if the Court were to construe Blake's objections as a request to vacate the underlying arbitration award, such a request would plainly be untimely. As provided by 9 U.S.C. § 12, "[n]otice of a motion to vacate . . . must be served upon an adverse party or his attorney within three months after the award is filed or delivered." Choice argues that Blake's request is barred because the request was not made until March 13, 2006, more than five months after the award was made in October 2002. The Court agrees, finding that Blake's request to vacate is barred by 9 U.S.C. § 12.

---

[2]The docket shall be amended to reflect Defendant's correct name.

## CONCLUSION

Choice's application to confirm the arbitration award will be granted and Blake's motion to dismiss will be denied.  A separate order will follow.

Date:  July 28, 2006

Alexander Williams, Jr.
United States District Court

5